## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Vincent W. Schmitt

v.

Virginia Employment Commission

October 19, 1994

Case No. CL94-177

BY JUDGE WILLIAM H. LEDBETTER, JR.

This case involves a petition for judicial review of a Virginia Employment Commission decision. The issue is whether the claimant was discharged for misconduct connected with work under Virginia Code § 60.2-618(2).

### Facts

Pursuant to the statutory scheme for judicial review of Virginia Employment Commission (V.E.C.) decisions, "the findings of the Commission as to the facts, if supported by the evidence and in absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Virginia Code § 60.2-625(A). Therefore, the facts of the case are those recited in the Commission's decision of August 16, 1994, if supported by the evidence taken before the appeals examiner on February 14, 1994. The pertinent facts are as follows.

The claimant, Mr. Schmitt, was employed as an over-the-road truck driver by Rappahannock Wire Company. He was paid an hourly wage plus a mileage rate. In addition, he received compensation at the hourly wage rate for business-related down time, or waiting time, when his truck was being loaded and unloaded. The Company refers to this as "detention time." The claimant kept records of his mileage and time by maintaining

DOT logs and by filling out "detention slips" that were turned into the Company payroll personnel at the end of each run.

One of the claimant's duties was to haul acid in a tanker truck from a Corning plant in Wilmington, North Carolina, to the Company's Fredericksburg facility. In May and June of 1993, he turned in several detention slips that appeared to his supervisor to be suspiciously inflated. In essence, the slips were claims for compensation attributable to considerable detention time while he was waiting to be loaded at the Corning plant. Mr. Schmitt was discharged on August 16, 1993, for falsifying company payroll records, i.e., detention slips.

### Applicable Law

There are a number of cases construing "misconduct in connection with work" that triggers a disqualification for benefits under § 60.2-618(2). The leading decision is *Branch v. V.E.C.*, 219 Va. 609 (1978), in which the Virginia Supreme Court defined the term of as follows:

> An employee is guilty of misconduct connected with his work when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

The *Branch* definition of misconduct has two prongs. The first prong is a deliberate violation of a company rule. Here, it is undisputed that falsification of detention slips violates the Company's written rules and is classified as "Intolerable" in its policy manual. The second prong contemplates acts or omissions of an employee of such a nature or so recurrent as to manifest a willful disregard of the employer's interests and the duties and obligations owed by an employee to his employer. Even if there had been no written rule regarding detention slips, there can be no doubt that falsifying pay records constitutes disqualifying misconduct under the second prong.

Therefore, if there is a reasonable factual basis for the Commission's decision, supported by the evidence, this court has no authority to disturb the decision because there are no questions of law to adjudicate.

### Decision

In addition to the testimony of witnesses, including the personnel manager at the Fredericksburg facility, the employer presented in evidence the

detention slips in question. On May 7, 1993, the claimant's detention slip seeks compensation for 1½ hours of detention time with the explanation "Load acid @ Corning." The May 3, 1993, slip is for 2½ hours, with the explanation "Load acid, Had to wait for them to filter out." The May 20, 1993, slip claims 2½ hours for the same reason. On May 27, 1993, the claimant's slip gives the same explanation for 2½ hours. On May 28, 1993, the claimant again claimed 2½ hours for the same reason. The June 3, 1993, slip gives the same explanation for 3 hours. The June 9, 1993, slip gives the same explanation for 2½ hours. The slip dated June 10, 1993, provides the same explanation for detention time of 3½ hours.

Next, the employer offered as evidence an affidavit of a Corning official that contradicts Mr. Schmitt's claim that he had to wait for these periods of time while a filtering process occurred. Corning's company records indicate either that filtering was not done on the days in question, or on some of the days in question it was done at a time other than when Mr. Schmitt's tanker was there to be loaded or, if done, did not take nearly the time reported by Mr. Schmitt. By telephone, the Corning official confirmed that he had compiled the data in the affidavit from company records.

The claimant contended that most of the detention slips in question did not bear his signature. The Commission specifically rejected Mr. Schmitt's testimony on this point, observing that the signatures on the slips that he said he did not sign look "distinctly similar" to signatures on slips that he admits signing. Further, although no one actually saw Mr. Schmitt sign the slips, a witness for the employer identified the signature on the slips as being that of the claimant.

Reviewing the slips and the other evidence in the case, including the testimony, this court cannot hold as a matter of law that the Commission's finding with respect to handwriting and signatures on the slips is wrong. In essence, Mr. Schmitt contends that someone forged those slips. What motive would anyone else have to falsify Mr. Schmitt's detention slips so that he could receive compensation to which he was not entitled? The Commission had a rational basis, supported by the evidence, to conclude that the claimant's denial was not credible.

Mr. Schmitt complains that the slips introduced as evidence are photocopies, not the originals, thereby making it more difficult to contrast the handwriting on the various slips. This argument was not accepted by the Commission. The court cannot rule as a matter of law that photocopies are inadmissible in Commission proceedings. Virginia Code § 60.2-623 specifically provides that common law and statutory rules of evidence and

procedure do not apply to proceedings before the Commission. See also, *Baker v. Babcock & Wilson*, 11 Va. App. 419, 399 S.E.2d 630 (1990).

Mr. Schmitt admitted that he filled out and signed the detention slips dated May 7, 1993, May 27, 1993, June 9, 1993, and June 10, 1993. His explanation for claiming detention time while at Corning on those trips was similarly rejected, for the most part, by the Commission. Further, the Commission rejected Mr. Schmitt's statements regarding how other Company employees had handled his slips after he turned them in.

The Commission concluded that the employer had carried its burden of proving misconduct and that Mr. Schmitt's denials, rather than reasonable explanations, were so unbelievable that he had not established mitigating circumstances.

The court is of the opinion that the Commission's decision disqualifying the claimant for benefits under § 60.2-618(2) is supported by the evidence. Therefore, the decision will be confirmed. Mr. Schmitt will be denied benefits because of his disqualifying misconduct, and he will be liable to repay the Commission any benefits he may have received.